IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01136-BNB

ALI JEMAH COTTON,

Applicant,

v.

RON WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

I. Background

Applicant Ali Jemah Cotton is in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Applicant initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction.

Mr. Cotton raises one claim in the Application. Specifically, Mr. Cotton asserts that in violation of his due process rights the disciplinary hearing officer (DHO), in a disciplinary proceeding against him, based his finding of guilt on "no evidence" and gave "no weight to the overwhelming evidence against [his] guilt." (Application at 3-4.) As relief, Mr. Cotton seeks expungement of the incident from his disciplinary record, a

transfer to the K-Unit Step-Down Program, and the reinstatement of his twenty-seven days of good-conduct time.

II. Analysis

The Court must construe the Application liberally because Mr. Cotton is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If an application reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

As a federal prisoner, Mr. Cotton has a constitutionally protected liberty interest in his earned good-conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was entitled to due process at the disciplinary hearing in question. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the

evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

Nothing in the Application or attached Exhibits indicates the DHO lacked "some" evidence to find that Applicant was guilty of the possession, manufacture, or introduction of a weapon within the prison. Mr. Cotton attached a copy of the National Inmate Appeals Administrator's response to his appeal of the DHO's findings. (Application, Ex. B.) The Administrator in denying Mr. Cotton's appeal relied on the reporting officer's statement that also is provided by Mr. Cotton as an exhibit.

3

(Application, Exs. A and B.) The reporting officer stated that contraband was found during a search of Mr. Cotton's cell, including two homemade weapons four inches in length, one was plastic, while the other was metal. (Application, Exs. A and B.) The reporting officer further stated that the weapons had strings attached to them and were found in the area of Mr. Cotton's cell where a locker was located but was removed for purpose of the search. (Application, Exs. A and B.) The reporting officer notes that Mr. Cotton was the only inmate occupying the cell at the time of the search. (Application, Exs. A and B.)

Mr. Cotton contends that the two weapons were left in his cell by an inmate who occupied the cell prior to him. He further contends that he attempted to search for contraband when he was placed in the cell, but he did not find any items and that he could not be expected to remove every permanent fixture. Mr. Cotton's claims are no more than self-serving statements and are not supported by any corroborating evidence. The DHO's decision in the disciplinary hearing at issue in this case is supported by some evidence, and Mr. Cotton's due process rights were not violated by the decision.

III. Conclusion

Based on the above findings, Applicant fails to assert a denial of his due process rights in the disciplinary proceeding at issue. The Court, therefore, finds that Applicant's claim lacks merit, and the action should be dismissed on the merits. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed on the merits.

DATED at Denver, Colorado, this 31 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01136-BNB

Ali Jemah Cotton
Reg No. 15692-059
ADX Florence
P.O. Box 8500
Florence, CO 81226-8500

Jamie L. Mendelson
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk